# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LEON HOPTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FRESNO COUNTY HUMAN HEALTH SYSTEM, et al.,<br><br>　　　　Defendants. | CASE NO. 1:20-cv-0141-NONE-SKO<br><br>**ORDER GRANTING LEAVE TO AMEND COMPLAINT**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## I.　INTRODUCTION

On January 28, 2020, Plaintiff filed a complaint under 42 U.S.C. § 1983 against Defendants "County of Fresno D.C.F.S./C.P.S.," "County of Fresno Public Defender," "County of Fresno Sheriffs Dpt.," "Correctional Medical Group," and "Fresno County Health Human Services." (Doc. 1.) Plaintiff's complaint alleges four claims: (1) "Right to fair proceedings and fair investigation of child custody and adoption"; (2) "Fair medical treatment by correctional facility"; (3) "Right to fair representation and due process during court proceedings"; and (4) "Discrimination & denial of

services under color of law." (*See id.*) Plaintiff also filed a motion to proceed *in forma paupers*, which the Court granted on February 20, 2020. (Docs. 3, 7.)

Plaintiff's complaint is now before the Court for screening. The Court has determined that Plaintiff fails to plead any plausible claim to relief, and the complaint violates the pleading standards of the Federal Rules of Civil Procedure. Thus, Plaintiff is provided the pleading and legal standards for his claims and is granted leave to file an amended complaint.

The Court further advises Plaintiff that his claims cannot proceed in one complaint because they are unrelated claims against unrelated defendants. *See* Fed. R. Civ. P. 18, 20, 21. As set forth below, claims related to Plaintiff's child custody issues may proceed together in a regular civil case; claims related to Plaintiff's medical treatment in jail must be filed **<u>in a separate complaint</u>** and proceed as a prisoner complaint related to conditions of confinement;[1] and claims related to ineffective assistance of counsel in Plaintiff's criminal case must be filed **<u>in a separate complaint</u>** and proceed as a petition for habeas corpus under 28 U.S.C. § 2254.

### A. Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### B. Pleading Requirements

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of

---

[1] On February 20, 2020, Plaintiff filed a motion requesting relief in the form of an order directing Fresno County Jail to provide him access to the library and medical facilities. (Doc. 8.) Because Plaintiff is directed to file his claims related to medical treatment at the jail in a separate case, or in an amended complaint in this case, those requests are necessarily moot until Plaintiff complies with this order. Thus, the requests are denied as moot, but Plaintiff may re-file the requests once it is determined in which case his medical treatment claims will proceed.

2

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

Under Rules 18 and 20, "a plaintiff may not proceed on a myriad of unrelated claims against different defendants in a single action." *Beltran v. Superior Court of California*, Case No. 1:19-cv-01436-LJO-EPG (PC), 2020 WL 363813, at *2 (E.D. Cal. Jan. 22, 2020) (citing Fed. R. Civ. P. 18(a), 20(a)(2)). "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A against

Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *K'napp v. California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal. Oct. 29, 2013) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)); *see also* Fed. R. Civ. P. 18(a), 20(a)(2). A court may on its own motion drop improperly joined parties or sever improperly joined claims. *See* Fed. R. Civ. P. 21.

## II. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff's allegations are unclear and completely devoid of dates and identities of any individuals involved. (*See* Doc. 1 at 4–7.) In his first claim, Plaintiff alleges facts related to a child custody proceeding and states that "Fresno County Department of Child Protective Services and the Fresno County Superior Court proceeded with orders removing a child without conducting a fair investigation or providing parents with opportunity to appear," "the court allowed prejudicial parties to be present," "parent was denied county services for reunification . . . based upon racial profiling," and "County of Fresno C.P.S. continually violates court orders for visitation by failing to make minor available for visits." (*Id.* at 4.) In the second claim, Plaintiff alleges that he was attacked by an animal and then incarcerated, and "Defendants" have "denied treatment" and "not allowed medical records to be reviewed by private 3rd party medical agencies." (*Id.* at 5.) In the third claim, Plaintiff alleges that "in both criminal and family cases . . . counsel provided by the Office of the Public Defender has intentionally prejudiced . . . proceedings." (*Id.* at 6.) In the fourth claim, Plaintiff alleges that "The Dept of Children and Family Services" denied Plaintiff public assistance and then Plaintiff was "discriminated against and as a result fell into conditions that the department of children family services later held as reason to seek custodial action any [sic] adoption through termination of parental rights." (*Id.* at 7.)

B.     **Legal Standards**

  1.    **Shotgun Pleading**

A "[s]hotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim." *Hughey v. Drummond*, No. 2:14-cv-00037-TLN-AC, 2014 WL 579365, at *5 (E.D. Cal. Nov. 6, 2014) (citation omitted). This violates Rule 10 of the Federal Rules of Civil Procedure, which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and Rule 8, which requires that the complaint contain a "short and plain statement" of entitlement to relief.

Here, as set forth below, Plaintiff may be able to allege cognizable claims against certain defendants, but the major deficiency with the complaint as currently pleaded is that it is an impermissible "shotgun" pleading. Plaintiff's complaint alleges various claims but does not clearly state which claim is alleged against which defendant, and which specific facts support each claim. Plaintiff's complaint is completely devoid of dates, identities of individuals involved, and any acts committed by any persons that relate to any claim.

As currently drafted, it is simply not clear what Plaintiff alleges happened, other than in the most vague and general terms. (*See, e.g.,* Doc. 1 at 4 ("Fresno County Department of Child Protective Services and the Fresno County Superior Court proceeded with orders removing a child without conducting a fair investigation or providing parents with opportunity to appear . . . The court allowed prejudicial parties to be present"), 5 ("Defendants will not . . . commit care of Plaintiff to qualified medical staff insofar as allowing nurse practitioner or physicians assistant to treat or recommend treatment . . . Defendants have not allowed medical records to be reviewed by private 3rd party medical agencies"), 6 ("In both criminal and family law cases, before Fresno County Superior Court, counsel provided by the Office of the Public Defender has intentionally prejudiced . . . proceedings by continuing to operate in [sic] behalf of the Plaintiff after known conflict of interest"), 7 (alleging Plaintiff was denied public assistance and then discussing removal of Plaintiff's children as somehow related).

This is not permissible because it does not give Defendants "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims. *See* Fed. R. Civ. P. 8(a)(2). In any amended complaint, **Plaintiff must clearly state which claim is against which Defendant, the legal basis for the claim, and the facts that support and show that the specific defendant committed the violation asserted as the legal basis for the claim.** ***See*** **Fed. R. Civ. P. 8(a).**

### 2. Section 1983

It appears that Plaintiff is seeking to address purported violations of his civil rights by attempting to assert claims pursuant to Section 1983, which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). A plaintiff must further demonstrate that each defendant personally participated in the deprivation of his or her rights. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). Plaintiff must clearly identify which defendant(s) he believes are responsible for each violation of his constitutional rights and the supporting factual basis, as his complaint must put each defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

#### a. Fourteenth Amendment—Due Process

Parents have a constitutionally protected liberty interest in the care and custody of their

children. *See Santosky v. Kramer*, 455 U.S. 745, 753 (1982). A parent "may state a cause of action under [Section] 1983 when she alleges that the state terminated her parent-child relationship without due process of law." *Smoot v. City of Placentia*, 950 F. Supp. 282, 283 (C.D. Cal. 1997). The Ninth Circuit has generally characterized the right to familial association as a liberty right under the Due Process Clause of the Fourteenth Amendment. *Lee v. City of Los Angeles*, 250 F.3d 668, 685–86 (9th Cir. 2001); *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000) ("Parents and children have a well-elaborated constitutional right to live together without governmental interference. . . . That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency."). *See also Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018) (explaining constitutional standards for evaluating claims based upon removal of children).

However, social workers are absolutely immune from civil liability for claims concerning their "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." *Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908 (9th Cir. 2008) (quoting *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003)); *see also Meyers v. Contra Costa Cty. Dep't of Soc. Serv.*, 812 F.2d 1154, 1157 (9th Cir. 1987). The immunity "covers the official activities of social workers only when they perform quasi-prosecutorial or quasi-judicial functions in juvenile dependency court." *Hardwick v. Cty. of Orange*, 844 F.3d 1112, 1115 (9th Cir. 2017). Social workers may have absolute immunity when discharging functions that are "critical to the judicial process itself." *Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908 (9th Cir. 2008). "[S]ocial workers are not afforded absolute immunity for their investigatory conduct, discretionary decisions or recommendations." *Tamas v. Dep't of Social & Health Servs.*, 630 F.3d 833, 842 (9th Cir. 2010). In those instances, only qualified, not absolute, immunity is available. *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003). Examples of such discretionary decisions include "decisions and recommendations as to the particular home where a child is to go or as to the particular foster parents who are to provide care." *Id.* Further "[j]udges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in

nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

Here, Plaintiff fails to plead sufficient facts to demonstrate he was not accorded the due process rights of notice and an opportunity to be heard in the proceeding, except in conclusory terms. *See Kirk v. I.N.S.*, 927 F.2d 1106, 1107 (9th Cir. 1991) ("Procedural due process requires adequate notice and an opportunity to be heard."). Nor are there sufficient facts alleging "reckless, intentional and deliberate acts and omissions of defendants" constituting an "unwarranted interference" with the rights of family members. *Cf. Lee*, 250 F.3d at 685–86. Further, although Plaintiff does not name a single individual defendant, he alleges that "Fresno County Department of Child Protective Services and the Fresno County Superior Court" committed certain acts. (*See* Doc. 1 at 4.) To the extent Plaintiff intends to allege that a judge or social worker performed functions within the roles described above, those individuals would be immune. As described below, Plaintiff does not allege claims against any individual defendant, and his claims as currently pleaded are not sufficient to allege a claim against Fresno County. Plaintiff is granted leave to amend the complaint, or file a separate action, attempting to allege claims against individual defendants or against Fresno County, as described below.

### b. Deliberate Indifference

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for a deliberate indifference claim is thus two-pronged and has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish a claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was

8

deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

It appears Plaintiff's allegations may meet the first, objective prong. Plaintiff alleges he suffered an unspecified "animal attack" at some point prior to being admitted to Fresno County Jail. (Doc. 1 at 5.) Plaintiff then later alleges that "contraction of rabine [sic] virus exaserbated [sic] existing and further chronic medical conditions to be verified by discovery." (*Id.*) Although largely devoid of factual support, standing alone, an "animal attack" causing possible rabies is likely a

condition that "a reasonable doctor or patient would find important and worthy of comment or treatment." *Colwell*, 763 F.3d at 1066. However, Plaintiff does not meet the second, subjective prong. Plaintiff states that in response to his medical needs, he was treated by a "nurse practitioner or physicians assistant," and appears to imply that he was misdiagnosed because this unnamed "nurse practitioner or physicians assistant" apparently determined that a rabies vaccination was not necessary. (*See* Doc. 1 at 5.) A misdiagnosis, though potentially negligent, does not amount to deliberate indifference under the Eighth Amendment. *See Estelle*, 429 U.S. at 106 ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim" under the Eighth Amendment). Plaintiff's allegations thus do not show that anyone was deliberately indifferent to his medical needs. Further, as with his other claims, Plaintiff does not allege claims against any individual defendant, and does not sufficiently allege a claim against any entity defendant, as described below. Plaintiff is granted leave to amend the complaint, or file a separate action, attempting to allege claims against individual or private entity defendants or against Fresno County.

### c. Entity Defendants

Plaintiff names "County of Fresno D.C.F.S/C.P.S.," "County of Fresno Public Defender," "County of Fresno Sheriffs Dpt.," "Correctional Medical Group," and "Fresno County Health Human Services" as defendants. Municipal departments are not appropriate defendants in a § 1983 suit. Private companies, such as "Correctional Medical Group," are not appropriate defendants either, absent factual allegations showing the company was acting under color of state law. As set forth above, under § 1983 only a "person" acting under color of law may be sued for claims. The term "persons" under § 1983 encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995–996 (N.D. Cal.1996). But "persons" does not include municipal departments. *Id.* "[N]aming a municipal department as a defendant is not an appropriate means of pleading a [Section] 1983 action against a municipality." *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991). *See also, e.g., Stoll. v. Cty. of Kern*, No. 1:05-CV-01059 OWW SMS, 2008 WL 4218492, at *5 (E.D. Cal. Sept. 8, 2008) (dismissing from suit the defendant Kern

County Welfare Department, a municipal department of the defendant County of Kern). The Court will provide Plaintiff with the legal standard applicable to a claim under § 1983 brought against Fresno County. *See id.*

There is no *respondeat superior* liability under § 1983, *i.e.* no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, a claim would not be stated against Fresno County merely because that entity employed any alleged wrongdoers, as Plaintiff appears to plead.

Local governments, such as Fresno County, are "persons" subject to liability under § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. Cty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636–68.

Plaintiff is granted leave to amend this complaint, or file a complaint in a new case, to attempt to allege a § 1983 claim against Fresno County and against any private entity which Plaintiff can sufficiently plead acted under color of state law. Plaintiff must be careful to allege the specific policy, custom or practices that he contends give rise to liability and, in the case of a private entity, allege specific facts showing the entity acted under color of state law.

### 3.     Habeas Action Under 28 U.S.C. § 2254

When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [section] 1983." *Id.* at 488.

Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials . . . [but] they differ in their scope and operation.'" *See Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck*, 512 U.S. 477, 480 (1994)). Federal courts must take care to prevent prisoners from relying on section 1983 to subvert the differing procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *See Heck*, 512 U.S. at 486–87; *see also Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release (such as ineffective assistance of counsel), or seeks remedies for purported deficiencies in his state court criminal case, his sole federal remedy is the writ of *habeas corpus*. *See Heck*, 512 U.S. at 481–82; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given

12

a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365 (legal basis); *Kenney v. Tamayo-Reyes*, 504 U.S. 1 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66. In *Duncan*, the United States Supreme Court reiterated the rule as follows:

> In *Picard v. Connor*, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan*, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See *Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in *Duncan*, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (citing *Anderson v. Harless*, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. *Hiivala v. Wood*, 195 F3d 1098, 1106-07 (9th Cir. 1999); *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In *Johnson*, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

*Lyons v. Crawford*, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by Lyons v. Crawford*, 247 F.3d 904, 904-5 (9th Cir. 2001).

Failure to present claims for federal relief to the California Supreme Court will result in dismissal. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice*, 276 F.3d

13

478, 481 (9th Cir. 2001). The Court cannot consider a petition that has not been exhausted. *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982).

Plaintiff alleges that "counsel has failed to investigate and persue [sic] exculpatory evidence that clearly would exonerate the Plaintiff from all allegations in all cases," "counsel has failed in the application of sound legal strategy as defined by law," and "counsel . . . continu[ed] to operate in [sic] behalf of the Plaintiff after known conflict of interest." (Doc. 1 at 6.) It does not appear that Plaintiff has presented his claims related to his criminal case to the California Supreme Court as required by the exhaustion doctrine, although the Court cannot be sure because Plaintiff does not even explain what criminal case he is referring to, but simply states counsel was ineffective in "all cases." (*See* Doc. 1 at 6.) If Plaintiff has exhausted all claims in state court for the criminal case he is referring to, he may file a habeas corpus petition under 28 U.S.C. § 2254. However, **Plaintiff must file the petition in a separate case**. The fee for filing a habeas petition is $5.00 pursuant to 28 U.S.C. § 1914, which will be waived on showing of poverty.

## III.    CONCLUSION AND ORDER

As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies, and file unrelated claims in separate cases if desired. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendants did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220. **As stated above, Plaintiff's amended complaint in this case must allege only claims related to either his child custody proceedings or his medical treatment in jail, but not**

**both.** If Plaintiff decides to proceed on claims related to both matters, he may file an amended complaint in this case alleging claims related to one matter or the other, and file a <u>new complaint in a new case</u> alleging claims related to the other matter. Finally, if Plaintiff decides to proceed with his claims related to his criminal case, he may file a separate habeas corpus action.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a first amended complaint;
2. The Clerk's Office shall send Plaintiff two (2) civil rights complaint forms as well as a *habeas corpus* petition form;
3. **Within twenty-one (21) days** from the date of service of this order, Plaintiff must file:
    a. a first amended complaint under 24 U.S.C. § 1983 **alleging only claims related to his child custody proceedings, or his medical treatment in jail, but not both**;[2] or
    b. a notice of voluntary dismissal.
4. **If Plaintiff fails to file an amended complaint or fails to otherwise comply with this order, the undersigned may recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated:  **March 2, 2020**                                    /s/ *Sheila K. Oberto*
                                                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] As explained above, Plaintiff is free to file a second action under 42 U.S.C. § 1983 and a third action for a writ of habeas corpus, but **those claims must be filed in separate actions and not as part of a single complaint in this action.**