# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

JOSE LEON HOPTON,

                Plaintiff,

    v.

FRESNO COUNTY HUMAN HEALTH
SYSTEM, et al.,

                Defendants.

/

Case No. 1:20-cv-00141-NONE-SKO

**SECOND SCREENING ORDER**

**(Doc. 12)**

**21-DAY DEADLINE**

      Plaintiff Jose Leon Hopton, proceeding pro se and *in forma pauperis*, filed a complaint on January 28, 2020, against Defendants "County of Fresno D.C.F.S./C.P.S.," "County of Fresno Public Defender," "County of Fresno Sheriffs Dpt.," "Correctional Medical Group," and "Fresno County Health Human Services." (Doc. 1.)  In his original complaint, Plaintiff purported to allege various claims related to child custody proceedings, his medical treatment in jail, and a separate state court criminal conviction.  (*Id.*)  Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on February 20, 2020.  (Docs. 3, 7.)

      On March 2, 2020, the Complaint was screened, and the undersigned found that it failed to state a cognizable claim.  (Doc. 9.)  Plaintiff was provided with the applicable legal standards so that he could determine if he would like to pursue his case and was granted twenty-one (21) days leave to file an amended complaint curing the pleading deficiencies identified in the order.  (*Id.*)  Because Plaintiff may not join unrelated claims and unrelated defendants in the same complaint, the Court allowed Plaintiff to file a first amended complaint under 42 U.S.C. § 1983 alleging only claims related to his child custody proceedings or his medical treatment in jail, but not both.  (*Id.*

at 15.)   The Court explained that Plaintiff may file the other, unrelated claims in a different complaint, and may assert any claims related to his criminal case in a habeas corpus petition under 28 U.S.C. § 2254.  (*Id.* at 14–15.)

The Court later granted Plaintiff an extension of time to file his first amended complaint ("FAC"), (Docs. 10, 11), and Plaintiff filed a FAC on May 11, 2020.  (Doc. 12.)  Plaintiff's FAC is limited to claims raised under 42 U.S.C. § 1983 related to his child custody proceedings.  (*See id.*)  As with his original Complaint, Plaintiff has not stated any cognizable federal claims in his FAC.  Because he may be able to correct the deficiencies in his pleading, Plaintiff will be granted an opportunity to amend his claims.  Thus, Plaintiff is provided the pleading requirements and legal standards under which his claims in a second amended complaint will be analyzed.

## I.     SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints in cases where the plaintiff is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's FAC, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of the complaint is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  Moreover, since Plaintiff is appearing *pro se*, the Court must construe the allegations of her complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

## II.        DISCUSSION

### A.        Plaintiff's Allegations in the FAC

The FAC names the following entities and individuals as Defendants: "County of Fresno Dept Of Health & Human Services Et Al," "County Of Fresno, Child Protective Services, Et Al," "Julissa Garza, Social Worker," and "County Of Fresno, Office Of Alternate Public Defender." (Doc. 12 at 1.)  The FAC brings two claims: (1) "Discrimination and Fair Access to County Services Due Process Law," ("Claim One") and (2) "Discrimination Due Process of Law and the Denial of

1    Fair Access to Proceeding" ("Claim Two").  (*Id.* at 3–4.)

2         Claim One alleges that on March 10, 2018, Plaintiff and his spouse and daughter were

3    "denied without cause access to emergency housing for displaced families with newborns" and that

4    Plaintiff's "action and request was summarily denied without cause."  (*Id.* at 3.)  Plaintiff alleges

5    that "every other case before [his] with the same circumstances as [them] was approved through the

6    process" but Plaintiff's case was "not and when [they] asked as to a reason why none was given."

7    (*Id.* at 3–4.)  Plaintiff alleges that as a result of the denial of emergency housing, he and his family

8    were displaced and homeless.  (*Id.* at 4.)

9         Claim Two alleges that shortly after the denial of housing, Plaintiff's child was "removed

10   from his custody for events that took place when he himself was not present" and "neither parent

11   was given fair opportunity in court to present evidence or reveal blatant falsehoods in reports

12   presented to the court."  (*Id.* at 4.)  Plaintiff alleges that "neither counsel assigned to the plaintiffs

13   adequately advised or represented them[.]"  (*Id.*)  Plaintiff further alleges that "the Dept of C.P.S.

14   never complied with court orders allowing visitation"; "the court . . . denied access . . . to

15   reunification services to either parents without cause or acting on false facts"; "the court also

16   breached confidentiality and allowed non approved parties to participate in proceedings"; and "the

17   county of Fresno superior court prematurealy [sic] and outside the statutory mandated path for

18   reunification started the process of adoption."  (*Id.* at 4–6.)

19        Plaintiff requests the following relief: "reversal of proceedings"; "criminal investigation";

20   "determine civil and criminal liability"; "sanctions on operations of county agencies"; "mandated

21   oversight of county agencies"; and "trial for monetary damages."[1]  (*Id.* at 5.)

22

23

24   _____

25   [1] Plaintiff also filed, on May 11, 2020, a "Notice to Court in Summary of Existing Complaint," (Doc. 13).  In it, he
     summarizes the allegations in the FAC and requests the same relief that is requested in the FAC, including that the Court
     "order the agencies of the federal government to assist in the investigation of this claim[.]"  (*Id.* at 7.)  The Court

26   construes this document as an improper addendum to the FAC and construes the "requests" as simply repeating the
     requests for relief in the FAC, rather than requesting preliminary injunctive relief.  The Court advises Plaintiff that under

27   Local Rule 220, pleadings must contain all exhibits and other documentation to which the pleading refers or which is
     incorporated into the pleading by reference.  *See* E.D. Cal. L.R. 220.  Thus, the Court does not consider Plaintiff's

28   "Summary of Existing Complaint" in this screening order and disregards Plaintiff's "requests" that are simply a
     recitation of certain requests for relief already made in the FAC.

                                                    4

**B.      The First Amended Complaint is an Impermissible Shotgun Pleading**

A "[s]hotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim." *Hughey v. Drummond*, No. 2:14-cv-00037-TLN-AC, 2014 WL 579365, at *5 (E.D. Cal. Nov. 6, 2014) (citation omitted).  This violates Rule 10 of the Federal Rules of Civil Procedure, which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and Rule 8, which requires that the complaint contain a "short and plain statement" of entitlement to relief.

As set forth below, Plaintiff may be able to allege cognizable claims against certain defendants, but the major deficiency with the FAC, as with Plaintiff's original complaint, as currently pleaded is that it is an impermissible "shotgun" pleading.  The FAC alleges various claims but does not clearly state which claim is alleged against which defendant, and which specific facts support each claim.  Plaintiff's complaint is almost completely devoid of dates, identities of individuals involved, and any acts committed by any persons that relate to any claim.

It appears Plaintiff simply reworded much of the language in the original complaint to allege the same information in the FAC, and the Court previously advised Plaintiff that more details needed to be included to specify the individuals and acts involved in his allegations.  (*Compare, e.g.,* Doc. 1 at 4 ("Fresno County Department of Child Protective Services and the Fresno County Superior Court proceeded with orders removing a child without conducting a fair investigation or providing parents with opportunity to appear . . . The court allowed prejudicial parties to be present"), *with* Doc. 12 at 6 ("The County of Fresno Superior Court prematureally [sic] and outside of the statutory mandated path for reunification started the process of adoption without presenting fair opportunity for the biological parents to be heard in court or given fair opportunity to court proceedings[.]").  Further, Plaintiff names "Julissa Garza" as a defendant but does not mention any act or omission or any other involvement of Ms. Garza in his allegations.

This is not permissible because it does not give Defendants "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims.  *See* Fed. R. Civ.

P. 8(a)(2).  In any second amended complaint, **Plaintiff must clearly state which claim is against which Defendant, the legal basis for the claim, and the facts that support and show that the specific defendant committed the violation asserted as the legal basis for the claim.  *See* Fed. R. Civ. P. 8(a).**  Plaintiff should ensure that he explains the involvement in his alleged harm of each named defendant and the acts or omissions that give rise to the particular defendant's liability.

**C.      The First Amended Complaint Does Not State Claim Under Section 1983**

It appears that Plaintiff is seeking to address purported violations of his civil rights by attempting to assert claims pursuant to Section 1983, which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).  A plaintiff must further demonstrate that each defendant personally participated in the deprivation of his or her rights.  *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).  Plaintiff must clearly identify which defendant(s) he believes are responsible for each violation of his constitutional rights and the supporting factual basis, as his complaint must put each defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

6

Plaintiff appears to allege due process claims related to the denial of subsidized housing and the removal of his child by child protective services.[2]  The Court will address each in turn.

### 1.    Denial of subsidized housing

"Due process requires that a Section 8 applicant be permitted to request an informal hearing if denied eligibility to participate in the program, including the right to make an oral presentation." *Lopez v. Johnson*, No. 1:09-cv-02174-LJO-JLT, 2010 WL 2557451, at *4 (E.D. Cal. June 21, 2010) (citing *Davis v. Mansfield Metropolitan Housing Authority*, 751 F.2d 180, 185 (6th Cir. 1984)). However, Plaintiff does not specify that he was denied a Section 8 housing voucher, and Plaintiff's claims are entirely unclear as to what services he allegedly was denied, pursuant to what program the services were provided, what entity or individual denied the services, what transpired prior to and during the denial, and what individuals were involved in the denial of his "emergency housing."

If Plaintiff is alleging he was denied a Section 8 housing voucher or was denied housing under a different program (which he must specify and the Court cannot infer), he must allege specific facts regarding, *inter alia*, for what program he was applying, the circumstances of his application and denial, whether he requested a hearing, and whether he appealed the denial of a hearing or the denial of his voucher after a hearing.  The Court may not supply essential elements of a claim for a pro se Plaintiff where the Plaintiff has not pled them.  *See, e.g., Harris v. High Desert State Prison*, No. CIV S-10-1031 JAM EFB P, 2011 WL 6002917, at *1 (E.D. Cal. Nov. 30, 2011) ("[T]he court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead.") (citing *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents*

---

[2] Plaintiff also lists the word "discrimination" under both claims, (*see* Doc. 12 at 3–4), but does not state any information as to the basis on which Plaintiff believes he was discriminated.  It is not clear whether Plaintiff is attempting to raise separate claims in addition to his due process claims based on denial of access to housing and child custody proceedings, or if the "discrimination" descriptor is meant as part of his due process/fair access claims, but the Court cannot supply this information for Plaintiff and cannot analyze any claim of "discrimination" without any information regarding the alleged discrimination.  Plaintiff will be given an opportunity to amend his claims to explain the basis on which he believes he was discriminated, whether the discrimination claim is based on intentionality or disparate impact, and what section of law his claims are brought under.  *See, e.g., Lonberg v. City of Riverside*, 571 F.3d 846, 850 (9th Cir. 2009); *Guardians Ass'n v. Civil Serv. Comm'n*, 463 U.S. 582 (1983).

*of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). In any second amended complaint, Plaintiff must also be specific regarding any administrative proceedings and appeals that transpired, especially if the proceedings were in state tribunals, to demonstrate that he exhausted his administrative remedies prior to filing this complaint. *See, e.g., Hale v. Vacaville Housing Authority*, No. 2:09-cv-00391 JAM KJN PS, 2010 WL 4942638, at *4-5 (E.D. Cal. Nov. 30, 2010).

## 2.      Child custody proceedings

Parents have a constitutionally protected liberty interest in the care and custody of their children. *See Santosky v. Kramer*, 455 U.S. 745, 753 (1982). A parent "may state a cause of action under [Section] 1983 when she alleges that the state terminated her parent-child relationship without due process of law." *Smoot v. City of Placentia*, 950 F. Supp. 282, 283 (C.D. Cal. 1997). The Ninth Circuit has generally characterized the right to familial association as a liberty right under the Due Process Clause of the Fourteenth Amendment. *Lee v. City of Los Angeles*, 250 F.3d 668, 685–86 (9th Cir. 2001); *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000) ("Parents and children have a well-elaborated constitutional right to live together without governmental interference. . . . That right is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency."). *See also Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018) (explaining constitutional standards for evaluating claims based upon removal of children).

However, social workers are absolutely immune from civil liability for claims concerning their "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." *Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908 (9th Cir. 2008) (quoting *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003)); *see also Meyers v. Contra Costa Cty. Dep't of Soc. Serv.*, 812 F.2d 1154, 1157 (9th Cir. 1987). The immunity "covers the official activities of social workers only when they perform quasi-prosecutorial or quasi-judicial functions in juvenile dependency court." *Hardwick v. Cty. of Orange*, 844 F.3d 1112, 1115 (9th Cir. 2017). Social

workers may have absolute immunity when discharging functions that are "critical to the judicial process itself." *Beltran v. Santa Clara Cty.*, 514 F.3d 906, 908 (9th Cir. 2008). "[S]ocial workers are not afforded absolute immunity for their investigatory conduct, discretionary decisions or recommendations." *Tamas v. Dep't of Social & Health Servs*., 630 F.3d 833, 842 (9th Cir. 2010). In those instances, only qualified, not absolute, immunity is available. *Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003). Examples of such discretionary decisions include "decisions and recommendations as to the particular home where a child is to go or as to the particular foster parents who are to provide care." *Id.* Further "[j]udges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

Here, as with the original complaint, Plaintiff fails to plead sufficient facts to demonstrate he was not afforded the due process rights of notice and an opportunity to be heard in his child custody proceedings, except in conclusory terms. *See Kirk v. I.N.S.*, 927 F.2d 1106, 1107 (9th Cir. 1991) ("Procedural due process requires adequate notice and an opportunity to be heard."). Nor are there sufficient facts alleging "reckless, intentional and deliberate acts and omissions of defendants" constituting an "unwarranted interference" with the rights of family members. *Cf. Lee*, 250 F.3d at 685–86. Further, Plaintiff alleges that "Fresno County Department of Child Protective Services and the Fresno County Superior Court" committed certain acts. To the extent Plaintiff intends to allege that a judge or social worker performed functions within the roles described above, those individuals would be immune.

Plaintiff also fails to explain the involvement of any member of the Fresno County Public Defender's Office in his allegations, and states that "neither counsel assigned to the *Plaintiffs* adequate advised or represented *them*[.]" (Doc. 12 at 4) (emphasis added). Plaintiff is advised that he may not bring claims on behalf of his spouse or child and they must be added as plaintiffs in this

9

case or file their own complaints if they intend to bring such claims.  Further, as noted above, Plaintiff does not allege any act or omission of the sole individual defendant named in the FAC, "Julissa Garza," that would establish her liability.  Plaintiff is granted leave to amend the complaint to allege claims against individual defendants such as Ms. Garza, or against Fresno County, as described below.

**D.      Plaintiff Improperly Alleges Claims Against Certain Entity Defendants**

As in his original complaint, Plaintiff names municipal department entities as defendants including "County of Fresno Dept of Health & Human Services," "County of Fresno, Child Protective Services," and "County of Fresno, Office of Alternate Public Defender."  As explained in the first screening order, municipal departments are not proper defendants in a § 1983 suit.  As set forth above, under § 1983 only a "person" acting under color of law may be sued for claims. The term "persons" under § 1983 encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995–996 (N.D. Cal.1996). But "persons" does not include municipal departments.  *Id.*  "[N]aming a municipal department as a defendant is not an appropriate means of pleading a [Section] 1983 action against a municipality." *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991).  *See also, e.g., Stoll. v. Cty. of Kern*, No. 1:05-CV-01059 OWW SMS, 2008 WL 4218492, at *5 (E.D. Cal. Sept. 8, 2008) (dismissing from suit the defendant Kern County Welfare Department, a municipal department of the defendant County of Kern).  The Court will provide Plaintiff with the legal standard applicable to a claim under § 1983 brought against Fresno County.  *See id.*

There is no *respondeat superior* liability under § 1983, *i.e.* no liability under the theory that one is responsible for the actions or omissions of another, such as an employee.  *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d

1128, 1139, 1144 (9th Cir. 2012).  Thus, a claim would not be stated against Fresno County merely because that entity employed any alleged wrongdoers, as Plaintiff appears to plead.

Local governments, such as Fresno County, are "persons" subject to liability under § 1983 where official policy or custom causes a constitutional tort.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation."  *See Plumeau v. School Dist. #40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted).  For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief.  *See AE v. Cty. of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012).  It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice.  *See id.* at 636–68.

Plaintiff is granted leave to amend the complaint to attempt to allege a § 1983 claim against Fresno County.  Plaintiff must allege the specific policy, custom or practices that he contends give rise to liability.  Plaintiff may also amend his complaint to add allegations against *individuals* allegedly acting under color of state law who are employed by the various entities he names as defendants currently.  **Plaintiff must allege the acts or omissions of each such individual and how those acts or omissions give rise to liability under the applicable law.**

### III.      CONCLUSION AND ORDER

The Court finds Plaintiff has again failed to state a claim against any defendant.  As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies.  *Lopez*, 203 F.3d at 1130.  Plaintiff may not change the

11

1   nature of this suit by adding new, unrelated claims in her amended complaint. *George v. Smith*, 507

2   F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

3          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must identify what

4   causes of action are being pursued, identify the improper actions or basis for liability of each

5   defendant, and the factual allegations must demonstrate plausible claims, *Iqbal*, 556 U.S. at 678–

6   79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief

7   above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff

8   is advised that an amended complaint supersedes the prior complaints. *Lacey v. Maricopa Cty.*, 693

9   F.3d 896, 927 (9th Cir. 2012) (*en banc*). Therefore, Plaintiff's amended complaint must be

10  "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules

11  of the United States District Court, Eastern District of California.

12         Based on the foregoing, it is HEREBY ORDERED that:

13    1.    Plaintiff is granted leave to file a second amended complaint;

14    2.    **Within twenty-one (21) days from the date of service of this order**, Plaintiff must

15          file a second amended complaint curing the deficiencies identified by the Court in

16          this order, or a notice of voluntary dismissal; and

17    **3.    If Plaintiff fails to file an amended complaint in compliance with this order, the**

18          **undersigned will recommend to the assigned district judge that this action be**

19          **dismissed for failure to state a claim, to prosecute, and to obey a court order.**

20

21  IT IS SO ORDERED.

22  Dated:   **June 4, 2020**                    /s/ *Sheila K. Oberto*

23                                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28