UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LEON HOPTON,<br><br>        Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY HUMAN HEALTH SYSTEM, et al.,<br><br>        Defendants. | No. 1:20-cv-00141-NONE-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. No. 16) |

On January 28, 2020, plaintiff filed the complaint in this case. (Doc. 1.) Plaintiff also filed a motion to proceed *in forma pauperis*, which was granted on February 20, 2020, after plaintiff submitted his prisoner trust account statement. (Doc. Nos. 3, 4, 6.)

On March 3, 2020, the court issued an order finding that plaintiff's complaint failed to state any cognizable claims and granting leave until March 24, 2020, for plaintiff to file an amended complaint. (Doc. No. 9.) Plaintiff requested, and the court granted, an extension of time to file the amended complaint, and plaintiff filed his first amended complaint ("FAC") on May 11, 2020. (Doc. Nos. 10, 11, 12.) The court issued a second screening order on June 5, 2020, finding that the FAC failed to state a claim and granting plaintiff until June 26, 2020, to file a second amended complaint. (Doc. No. 14.) Plaintiff failed to file a second amended complaint or otherwise respond to the court's second screening order.

On July 21, 2020, an order issued for Plaintiff to show cause ("OSC") within twenty-one days why the action should not be dismissed for his failure to comply with the court's November 7, 2018 screening order. (Doc. No. 15.) When served at plaintiff's address of record, the OSC was returned as undeliverable on August 13, 2020. Local Rule 183(b) provides that:

>A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

L.R. 183(b). Although more than sixty-three days have passed since the OSC was returned as undeliverable, plaintiff has neither responded to the OSC, nor contacted the court to request an extension or to otherwise explain his lack of compliance with the OSC.

On October 28, 2020, the assigned magistrate judge issued findings and recommended that the case be dismissed with prejudice for failing to comply with the court's orders and for failure to prosecute this action. (Doc. No. 16.) Plaintiff was granted twenty-one (21) days in which to file objections to the findings and recommendation. (*Id.*) The order was returned as undeliverable (*see* Docket) and no objections have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds that the findings and recommendation are supported by the record and proper analysis.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendation issued October 28, 2020 (Doc. No. 16), are ADOPTED IN FULL;
2. This action is DISMISSED WITH PREJUDICE based on plaintiff's failure to obey a court order, this court's local rules, and failure to prosecute this action; and
3. The Clerk of Court is directed to assign a district judge to this matter and to close this case.

IT IS SO ORDERED.

Dated: **December 8, 2020**

_____
UNITED STATES DISTRICT JUDGE